**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1798**

RAJNIKANT PATEL,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A72-001-418)

Submitted: February 28, 2007          Decided: March 23, 2007

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

Petition denied in part; granted and remanded in part by unpublished per curiam opinion.

James Feroli, IMMIGRANT AND REFUGEE APPELLATE CENTER, Alexandria, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Jennifer Levings, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rajnikant Ashabhal Patel, a native of India and a citizen of Kenya, petitions for review of the Board's order adopting the immigration judge's decision to deny Patel's requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Patel first contends that the immigration judge ("IJ") erred as a matter of law in denying his claim for CAT protection because the IJ did not properly consider whether the Kenyan or Indian governments would acquiesce in his being tortured by a private actor, a human trafficker named "Raju."[1]

An applicant requesting CAT protection under a "acquiescence" theory need not show that the government knows or willfully accepts that the applicant will be tortured; instead, it is sufficient to show "that the public official, prior to the activity constituting torture, [has] awareness of such activity and thereafter breach[es] his or her legal responsibility to intervene to prevent such activity."  8 C.F.R. § 1208.18(a)(7) (2006); Zheng v. Ashcroft, 332 F.3d 1186, 1194-97) (9th Cir. 2003).

In light of Patel's challenge, the particular words employed in denying relief are especially significant.  When faced

---

[1]After agreeing to work for Raju, Patel smuggled an Indian woman and female child into the United States.  Upon realizing that Raju had no intention to pay him the agreed-upon price for his services, Patel and Mahesh, another smuggler who also worked for Raju, began their own smuggling operation, independent of Raju.

with a similar claim, the Fifth Circuit concluded that the following language was consistent with the governing standard:

> I guess another aspect of this would be whether if the money lenders who have not yet been paid came after her might the government *look the other way and therefore be at least complicit* in whatever might happen to [her] at the hand of these loan sharks, and perhaps then whatever would happen to [her] that might be seen as torture if the government *were aware* of any penalties being meted out and *took no action* to protect the respondent.

Chen v. Gonzales, 470 F.3d 1131, 1141-42 (5th Cir. 2006) (emphasis in original). On the opposite end of the spectrum, however, the Ninth Circuit opined that the use of the word "sanction" improperly placed a higher burden on the petitioner. Ornelas-Chavez v. Gonzales, 458 F.3d 1052, 1055, 1058-60 (9th Cir. 2006)

Our review of the record reveals that although the IJ recited the proper standard for analyzing Patel's CAT claim, she erred in applying it. The IJ concluded Patel failed to submit any evidence to support his argument that "the governments of Kenya or India would be involved in his torture." (J.A. 63). The IJ went on to opine that "[t]here is no evidence that the Indian government, through Raju or through any other agent, is responsible for the disappearance of [another individual who participated in Raju's human trafficking operation]." (J.A. 64). The IJ further concluded there was no evidence to demonstrate a "clear probability that the Kenyan government would target the respondent for torture." (J.A. 65). This language reflects that the IJ held Patel to a higher standard than appropriate under the CAT.

- 3 -

Accordingly, while we indicate no opinion regarding the ultimate disposition of Patel's CAT claim, we remand this issue to the agency for further consideration of whether Patel's evidence establishes the Kenyan government would acquiesce in his torture.[2] Menghesha v. Gonzales, 450 F.3d 142, 147 (4th Cir. 2006).

Patel next challenges the IJ's ruling, as adopted by the Board of Immigration Appeals, denying his request for withholding of removal.[3] Patel first argues that the IJ erred as a matter of law by failing to consider his withholding of removal claim on the basis of his assertion that he would be persecuted on account of a political opinion: opposition to government corruption. According to Patel, if returned to Kenya or India, he would be persecuted by Raju, and this persecution would be motivated, at least in part, by Raju's imputation of this political opinion to him. Patel further maintains that his cooperation with United States immigration officials amounts to a protectable "political opinion."

---

[2]We note that the IJ did not expressly determine whether it was "more likely than not" that Patel would suffer an "extreme form of cruel and inhumane treatment" if returned to Kenya. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(2) (2006). We likewise express no opinion about whether Patel's CAT claim could properly be denied on this basis. See generally INS v. Ventura, 537 U.S. 12, 16 (2002).

[3]Patel attacks the IJ's conclusion that she would have rejected his asylum claim for the same reasons she rejected Patel's withholding of removal claim; however, the IJ denied Patel's asylum claim as time-barred, and we do not have jurisdiction to review this ruling. See 8 U.S.C. § 1158(a)(3) (2000); Chen v. U.S. Dep't of Justice, 434 F.3d 144, 151 (2d Cir. 2006). Accordingly, we review Patel's argument only relative to the denial of his claim for withholding of removal.

- 4 -

Based on our review of the record, we agree with the IJ's conclusion that any harm that may befall Patel at Raju's hands would be predicated entirely on the personal dispute between the two, arising from Patel's decision to end-run Raju and engage in illegal human trafficking with another of Raju's men. "Fears of retribution over purely personal matters or general conditions of upheaval and unrest do not constitute cognizable bases for granting asylum." Saldarriaga v. Gonzales, 402 F.3d 461, 466 (4th Cir.), cert. denied, 126 S. Ct. 1330 (2005) (internal quotations and citation information omitted).

In light of our ruling in Saldarriaga, we also reject Patel's assertion that by reporting Raju's illegal human trafficking operation to INS officials, he has demonstrated a protectable political opinion. In his petition for review, Patel makes much of the fact that Saldarriaga involved a claim of persecution based on actual political opinion, and his claim is one of imputed political opinion. This is a distinction without significance and strains the already tenuous connection between Patel's fear of harm at Raju's hands and his claim for withholding of removal.

Lastly, Patel contends the IJ erred in failing to consider the corroborative evidence he presented, namely the affidavits of his brother-in-law and the live testimony presented by his sister-in-law. In the alternative, Patel suggests that if

the IJ did consider this evidence, she erred in failing to set forth specific reasons for discrediting it.

The IJ specifically stated in her oral decision that she considered Patel's asylum application "in full" and that she also considered "in full the sworn testimony of [Patel] and his witness and the contents of all documents that were admitted into evidence." An immigration judge need not discuss the individual worth of each item of evidence, but may base her decision "on the totality of the evidence." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 358 (4th Cir. 2006).

This court will affirm a determination regarding eligibility for withholding of removal if it is supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Factual findings by the Board or the immigration judge "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2000).

Having reviewed the record, we conclude that the IJ's decision to deny Patel's request for withholding of removal is supported by substantial evidence. Patel simply did not carry his burden to establish there was a clear probability that, if he were returned to Kenya or India, he would be persecuted on account of the political opinion he claims Raju imputes to him. Accordingly, we deny the petition for review of this issue.

- 6 -

For the foregoing reasons, we remand the petition for review for an agency determination on Patel's CAT claim and deny the remainder of the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED IN PART;</u>
<u>GRANTED AND REMANDED IN PART</u>