**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1651**

RAJNIKANT PATEL,

    Petitioner,

  v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 28, 2011    Decided: March 4, 2011

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

James Feroli, IMMIGRATION AND REFUGEE APPELLATE CENTER, Alexandria, Virginia, for Petitioner. Tony West, Assistant Attorney General, Emily Anne Radford, Assistant Director, Kohsei Ugumori, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rajnikant Patel, a native of India and a citizen of Kenya, was first ordered removed in December 2004, following a merits hearing in immigration court on his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("Board") affirmed the order of removal and dismissed Patel's appeal. This court granted Patel's petition for review in part, and remanded the case to the Board for further consideration of Patel's claim under the CAT. See Patel v. Gonzales, 221 F. App'x 244 (2007) (unpublished). More particularly, this court remanded the case for consideration of whether the Kenyan government would acquiesce in Patel's torture by a private actor, a human trafficker and smuggler identified as "Raju" and, as a necessary predicate, whether the harm Patel feared rose to the level of torture. Id. at 245-46 & n.2.

The Board in turn remanded to the immigration court for further proceedings. The Immigration Judge ("IJ") held another hearing and accepted additional evidence and argument, after which the IJ rejected Patel's CAT claim and entered another order of removal. Patel appealed to the Board, which affirmed the IJ's decision and dismissed his appeal. This petition for review timely followed.

2

To qualify for protection under the CAT, a petitioner must demonstrate that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2010). Specifically, a petitioner must show that he will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2010); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). The applicant need not prove that he would be tortured on account of a protected ground. Camara v. Ashcroft, 378 F.3d 361, 371 (4th Cir. 2004). Under the "acquiescence" theory, it is sufficient for the applicant to show "that the public official, prior to the activity constituting torture, [has] awareness of such activity and thereafter breach[es] his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7) (2010).

This court reviews for substantial evidence the denial of relief under the Convention Against Torture. Lizama v. Holder, __ F.3d __, 2011 WL 149874, at *7 (4th Cir. Jan. 19, 2011); Dankam v. Gonzales, 495 F.3d 113, 124 (4th Cir. 2007). In conducting substantial evidence review, this court treats the Board's findings of fact "as conclusive unless the evidence

3

before the BIA was such that any reasonable adjudicator would have been compelled to conclude to the contrary." Haoua v. Gonzales, 472 F.3d 227, 231 (4th Cir. 2007). Because both the IJ and the Board issued opinions in this case, we will review both decisions on appeal. Kourouma v. Holder, 588 F.3d 234, 239-40 (4th Cir. 2009).

We hold that substantial evidence supports the dispositive legal conclusions reached by the IJ, which were affirmed by the Board. First, Patel's evidence does not compel the conclusion that it is more likely than not that he would be subject to conduct rising to the level of torture if returned to Kenya. The IJ properly relied on Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 358-59 (4th Cir. 2006), to decline to afford substantial weight to the affidavits and letters written by Patel's family members and friends to support this contention. Moreover, the IJ accurately identified material discrepancies between these supporting documents that further called into question the veracity of that evidence.

Substantial evidence also supports the IJ's finding, affirmed by the Board, that Patel failed to establish that the alleged torture would be performed with the Kenyan government's acquiescence. We have reviewed the record evidence and conclude that it simply does not compel a contrary conclusion.

4

Finally, the Board was correct in concluding that Patel had waived his claim under the Convention Against Transnational Organized Crime by failing to raise it at his administrative hearing. See In re R-S-H-, 23 I. & N. Dec. 629, 638 (B.I.A. 2003) (explaining Board would not consider on appeal claim of error that was not raised at administrative hearing); In re Edwards, 20 I. & N. Dec. 191, 196-97 n.4 (B.I.A. 1990) (same). Consideration of this claim was also precluded by the mandate rule, as it was not presented to this court in Patel's first petition for review. See Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) (explaining that the mandate rule dictates that "any issue that could have been but was not raised on appeal is waived and thus not remanded" (internal quotation marks omitted)). This argument was available to Patel at the time of his first petition for review, as it does not rely on a change in the law, present newly discovered evidence, or purport to correct a blatant error to prevent a serious injustice. See id. at 467. Thus, it was not properly before the Board when raised for the first time in Patel's second administrative appeal. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[U]nder the mandate rule a remand proceeding is not the occasion for raising new arguments or legal theories.").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED